**RICHARD M. MARTINEZ, SBA No. 7763**
P.O. Box 43250
Tucson, Arizona 85733-3250
(520) 609-6352 phone
richard@richardmartinezlaw.com
**Counsel for Plaintiff**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lucille A. Federico ) | No. |
| Plaintiff, ) | |
| v. ) | COMPLAINT |
| Louis Dejoy, ) | |
| U. S. Postmaster General, ) | Jury Trial Demanded |
| Defendant. ) | |

Plaintiff alleges:

## JURISDICTION

1. Jurisdiction is conferred on this court by 28 U.S.C. § 1331.

## VENUE

2. Venue is proper in this Court because the conduct of defendant at issue occurred in the State of Arizona.

## PARTIES

3. Plaintiff is a citizen of the United States, resident of the State of Arizona living in Maricopa County.

4. Defendant is the Postmaster General of the United States Postal Service, and operates the United States Postal Service throughout the State of Arizona, including Maricopa County, where the acts of discrimination that are alleged herein occurred.

//

//

# GENERAL ALLEGATIONS

5. Plaintiff is Latiina (female of Mexican American origin), born on March 2, 1958 who has a disability, with a significant history of such, due to on the job injuries and who has engaged in protected equal employment opportunity conduct during the coirse of her employment with defendant.

6. Plaintiff is employed with the United States Postal Service ("USPS") and has been at all times relevant to this complaint.

7. Plaintiff injuries that resulted in her physical disability are all the result of on the job activities that resulted in seeking U.S. Department of Labor Injury Compensation benefits that were awarded.

8. Since her on the job injuries, plaintiff has been a person with a disability, treated by defendant as a person with a disability and has a history/record of being a person with a disability that defendant has knowledge of.

9. On April 28, 2021 plaintiff received from defendant a Retirement Counseling Letter/Intent to Seperate-Disability letter that provided her 21 days to provide acceptable documentation of her retirement. The letter communicated a clear threat of loss of employemnt with defendant, loss of benefits for failure to submit a request/applicaton for retirement. Plaintiff had not communicated an interest in retirement or sought retirement at the time. Plaintiff understood that the failure to retire was a coerced, manadated and involuntary adverse action by defendant.

10. On July 1, 2021 plaintiff received a Notice of Seperation - Disability Letter Letter that proposed to separate plaintiff from her employment with defendant on August 6, 2021.  This seperation date was coerced, manadated and an involuntary adverse action by defendant that also constituted a construstive discharge.

11. Plaintiff's employment with defendant was in fact terminated on an involuntary basis by defendant who ignored all of plaintiff's efforts and communications to remain employed with defendant.

//

12. Throughout the liability period at issue, defendant maintained and utilized in the Arizona U. S. Postal Service district a systematic system to separate/terminate employees who had disability, received inury compensation benefits and were eligible for voluntary retirement.

13. Plaintiff timely sought and submitted the claims and treatment identified herein to the Postal Service EEO Investigative Services, Agency Case Number 4F-841-0022-21, which received and then completed the administrative EEO process.

14. Plaintiff requested and received a Final Agency Decision which failed to resolve any of the claims submitted and then administratively investigated.

15. At all times relevant to this lawsuit, plaintiff was an employee of defendant within the meaning of the Age Discrimination in EmploymentAct of 1967, 29 U.S.C. § 623, and the Rehabilitation Act of 1973, 29 U.S. C. § 791 as amended.

16. At all times relevant to this lawsuit, defendant was an employer of plaintiff within the meaning of the Age Discrimination in EmploymentAct of 1967, 29 U.S.C. § 623, and the Rehabilitation Act of 1973, 29 U.S. C. § 791 as amended.

17. Plaintiff has complied with all jurisdictional requirement for the filing of this lawsuit.

COUNT ONE

EMPLOYMENT DISCRIMINATION: DISABILITY

(29 U.S.C. § 791, *et. seq.,* as amended)

18. Plaintiff hereby re-allege and incorporates all allegations contained in paragraphs 1 through 17 as if fully set forth herein.

19. Defendant's treatment of and actions against plaintiff constitute violations of the Rehabilitation Act of 1973, as amended, 29 U.S. C. § 791, federal statutes that prohibit workplace discrimination.

20. As a direct and proximate result of the conduct of defendant, plaintiff suffered injury including but not limited to economic loss, emotional distress, mental anguish, humiliation and embarrassment, loss of enjoyment of life and deprivation of her

1  rights to equal employment opportunities.

## COUNT TWO

## EMPLOYMENT DISCRIMINATION - AGE

(29 U.S.C. § 634, as amended)

21. Plaintiff hereby re-allege and incorporates all allegations contained in paragraphs 1 through 20 as if fully set forth herein.

22. Defendant's treatment of and actions against plaintiff constitute violations of the Age Discrimination Employment Act of 1967, federal statutes that prohibit workplace discrimination.

23. As a direct and proximate result of the conduct of defendant, plaintiff has suffered injury including but not limited to economic loss, emotional distress, mental anguish, humiliation and embarrassment, loss of enjoyment of life and deprivation of her rights to equal employment opportunities.

## COUNT THREE

## EMPLOYMENT DISCRIMINATION: RETALIATION

(29 U.S.C. §§ 634 & 791, *et. seq., &* as amended)

24. Plaintiff hereby re-allege and incorporates all allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25. Defendant's treatment of and actions against plaintiff constitute violations of 29 U.S.C. §§ 634 & 791, *et. seq.,* as amended, federal statutes that prohibit workplace discrimination including retaliation.

26. As a direct and proximate result of the conduct of defendant, plaintiff has suffered injury including but not limited to economic loss, emotional distress, mental anguish, humiliation and embarrassment, loss of enjoyment of life and deprivation of their rights to equal employment opportunities.

//

//

///

# COUNT FOUR

## CONSTRUCTIVE DISCHARGE

27. Plaintiffs hereby re-allege and incorporates all allegations contained in paragraphs 1 through 26 as if fully set forth herein.

28. Defendant's treatment of and actions against plaintiff constitute a constructive discharge of plaintiff from her employment with defendant.

29. As a direct and proximate result of the conduct of defendant, plaintiff has suffered injury including but not limited to economic loss, emotional distress, mental anguish, humiliation and embarrassment, loss of enjoyment of life and deprivation of their rights to equal employment opportunities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1. That this Court declare the actions complained of herein to be violations of 29 U.S.C. §§ 634 & 791, *et.seq.*, as amended.

2. That defendant be ordered to take appropriate affirmative acts to insure that the actions complained of herein are not engaged in again by defendant or any of its agents and to place plaintiffs in the position they would currently enjoy but for the unlawful conduct of defendant.

3. That defendant, including all officers, director, agents, employees and successors be permanently enjoined from discriminating against any person, including plaintiff.

4. That actual damages be awarded to plaintiff and against defendant;

5. That compensatory damages be awarded to plaintiff and against defendant;

6. That trebile damages be awarded to plaintiff and against defendant;

7. That plaintiff be awarded her attorneys' fees;

8. That plaintiffs be awarded her costs; and

9. That plaintiff be awarded all other relief that the Court deems just and proper under the circumstances.

JURY TRIAL DEMAND

Pursuant to Rule 38, FRCP, a trial by jury is demanded.

DATED this 26th day of April, 2022.

                                   */s/ Richard M. Martinez*
                                   RICHARD M. MARTINEZ, ESQ.
                                   Counsel for Plaintiff