**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lucille A Federico, | No. CV-22-00706-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Louis DeJoy, | |
| Defendant. | |

Defendant Louis Dejoy ("Defendant") has filed his third Motion to Dismiss (Doc. 27)[1] Plaintiff Lucille A. Federico's ("Plaintiff") Second Amended Complaint ("SAC") (Doc. 26). The Court must determine whether Plaintiff has pled sufficient facts under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") to state a claim for which relief can be granted. For the following reasons, the Court grants Defendant's Motion to Dismiss but allows Plaintiff leave to amend her complaint.

**I.   Background**[2]

This case involves allegations of employment discrimination. (Doc. 26 at ¶¶ 21–29). Plaintiff is an Arizona resident above the age of forty (40) who was employed with the United States Postal Service ("USPS"). (*Id.* at ¶ 5). Defendant is the Postmaster General of USPS.

---

[1] The matter is fully briefed. (Docs. 30; 33).

[2] Unless otherwise noted, these facts are taken from Plaintiff's SAC (Doc. 26). The Court will assume the SAC's factual allegations are true, as it must in evaluating a motion to dismiss. *See Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

**A.   Plaintiff's Employment at USPS**

Plaintiff is employed with the USPS[3] but has been absent from her assignment since October 2012. (*See* Doc. 27-1). Plaintiff does not explain or acknowledge this absence. Plaintiff alleges that she is a "person with a disability due to on the job injuries sustained while employed with the [USPS.]" (*Id.*) However, Plaintiff does not indicate what the nature of her injuries were or what her disability is.

On April 28, 2021, USPS sent Plaintiff a Retirement Counseling Letter/Intent to Separate-Disability (the "Letter") (Doc. 27-1). (Doc. 26 at ¶ 9). The Letter informed Plaintiff that because she "failed to provide any medical documentation in support of [her] continued absence," the USPS intended to "separate her from its rolls for disability reasons." (Doc. 27-1). The Letter stated that Plaintiff had the option to accept a rehabilitation assignment determined to be suitable for her within thirty (30) days, or "in lieu of separation, [she] may choose to apply for disability retirement." (*Id.*)

Plaintiff alleges the Letter "communicated a clear threat of loss of employment with [D]efendant" and a "loss of benefits for failure to submit a request/application for retirement." (*Id.*) She further alleges that Defendant had the specific intent to compel disabled employees to remove themselves from employment and consequently terminate all benefits. (*Id.*) Plaintiff also claims the Letter was sent with the intent to remove employees over the age of forty (40) from employment at USPS. (*Id.* at ¶ 10). Plaintiff does not claim to have responded to the Letter or that any other USPS employees received the Letter.

On July 1, 2021, USPS sent a Notice of Separation – Disability to Plaintiff (the "Notice") (Doc. 27-2). (Doc. 26 at ¶ 11). The Notice informed Plaintiff that because she did not accept the rehabilitation assignment, USPS was separating her from employment. (Doc. 27-2). Plaintiff states that "[t]his seperation [sic] date was coerced, mandated and an involuntary adverse action" which "constituted a constructive discharge due to [P]laintiff's disability[.]" (Doc. 26 at ¶ 11). Plaintiff further claims that "[a]ctive [USPS]

---

[3] Neither of the parties indicate when Plaintiff began her employment with USPS.

- 2 -

employees with no disability … were not subjected to the adverse terms and conditions of employment, treatment, or termination of benefits that [P]laintiff was subjected to." (*Id*. at ¶ 12). Plaintiff has not provided the Court with copies of the Letter or the Notice. However, Defendant included copies of each with his Motion to Dismiss. (Docs. 27-1; 27-2).

### B. Procedural History

On April 26, 2022, Plaintiff filed her original Complaint (Doc. 1) alleging age discrimination, disability discrimination, retaliation, and constructive discharge by Defendant. (*Id.*) Defendant filed his first Motion to Dismiss (Doc. 10) arguing that none of Plaintiff's claims contained sufficient factual allegations to state a claim for relief. (*Id.*) Later, the parties filed a stipulated Joint Motion to Leave to File a First Amended Complaint (Doc. 15), which the Court granted. (Doc. 16). This rendered moot Defendant's first Motion to Dismiss. (*Id.*)

On December 5, 2022, Plaintiff filed her First Amended Complaint ("FAC") (Doc. 19), again alleging age discrimination, disability discrimination, retaliation, and constructive discharge. (*Id.*) Plaintiff added general allegations that Defendant had the specific intent of removing employees based on their age and disability status. (Doc. 19-1 at ¶¶ 9–13). Defendant filed his second Motion to Dismiss (Doc. 20) arguing the amendments in the FAC still did not provide sufficient factual allegations to state a claim for relief. (*Id.*) Plaintiff filed a Motion for Leave to File Second Amended Complaint, (Doc. 23) stating that "[c]ounsel for the parties had been in discussion to agree/stipulate to the filing of a second amended complaint that addressed the issues raised in the pending MTD," which the Court granted. (Doc. 25). This rendered moot Defendant's second Motion to Dismiss. (*Id.*)

On February 6, 2023, Plaintiff filed her SAC, alleging Defendant: (1) violated the Rehabilitation Act by discriminating against Plaintiff based on her disability under 29 U.S.C. §791, (2) violated the Age Discrimination Employment Act ("ADEA") by discriminating against Plaintiff based on her age under 29 U.S.C. §634, and (3)

constructively discharged Plaintiff.[4] (Doc. 26). The Court now considers Defendant's third Motion to Dismiss. Defendant moves to dismiss all of Plaintiff's claims under Rule 12(b)(6), arguing Plaintiff has not pled sufficient facts to support any of her claims. (Doc. 27).

**II.     Legal Standard**

A motion to dismiss under Rule 12(b)(6) addresses the legal sufficiency of a claim. *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2001). A complaint may be dismissed for failure to state a claim based on either the "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss, a court should "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party," *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008), but the court is not required to "accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, while the standard does not require "detailed factual allegations," the allegations must include more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must state a claim that is "plausible on its face." *Twombly*, 550 U.S. at 570.

As to employment discrimination complaints, the United States Supreme Court clarified in *Swierkiewicz v. Soremna N.A.* that these complaints do not need to "contain specific facts establishing a *prima facie* case of discrimination under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." 534 U.S. 506, 508 (2002). Thus, employment discrimination claims are not subject to a heightened pleading standard. *Id.* at 512-13. Rather, they are subject to the same standard as all civil actions, as set out in Federal Rule of Civil Procedure 8(a) and "must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 508 (citing Fed. R. Civ. P. 8(a)(2)).

---

[4] Plaintiff's SAC does not include the retaliation claim. (*See* Doc. 26).

While *Swierkiewicz* clarifies that employment discrimination cases are not subject to a *heightened* pleading standard, they are also not subject to a *lesser* pleading standard. *Id.* at 513. Employment discrimination cases are still subject to the standards set out in *Twombly* and *Ashcroft*. *See Ting v. Adams & Assoc., Inc.*, 823 Fed. Appx. 519, 520 (9th Cir. 2020). Consequently, while a plaintiff is not required to plead a *prima facie* case of discrimination in order to survive a motion to dismiss, a court may still use the *prima facie* case elements as guidance to determine if the complaint contains sufficient factual allegations to survive a 12(b)(6) motion. *See id.* at 522; *see also Drevaleva v. Department of Veterans Affairs*, 835 Fed. Appx. 221, 223 (9th Cir. 2020).

**III.   Discussion**

Plaintiff's SAC alleges (1) an employment discrimination claim based on disability, (2) an employment discrimination claim based on age, and (3) a constructive discharge claim. (Doc. 26 at ¶¶ 21–29). Defendant argues that Plaintiff has not sufficiently pled facts to state a claim for relief on any of the counts. (Doc. 27). Defendant includes with his Motion to Dismiss copies of the Retirement Counseling Letter and the Notice of Separation attached as Exhibits A and B. (Docs. 27-1; 27-2). The Court will first consider whether it is appropriate to incorporate Exhibits A and B into its reasoning for this Motion. The Court will then address each of Plaintiff's SAC claims in turn.

**A.     Documents Outside the Complaint**

As a preliminary matter, the Court must determine whether it is appropriate to consider the Letter and the Notice attached to Defendant's Motion to Dismiss. (*See* Docs. 27-1; 27-2). Plaintiff argues the Court cannot consider these Exhibits without transforming the motion into a Rule 56 motion for summary judgement because 12(b)(6) motions are limited to allegations in the complaint. (Doc. 30 at 1–2). Defendant argues the Court may consider the Exhibits because Plaintiff references the Exhibits in the SAC and the Exhibits serve as the basis of Plaintiff's claims. (Doc. 33 at 3).

Generally, a court may look only at the face of the complaint to rule on a motion to dismiss. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). A

court may not consider evidence outside the pleadings without converting the motion to a Rule 56 motion for summary judgement. *See U.S. v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). However, there are exceptions to this rule. For example, a court may consider "material that the plaintiff properly submitted as part of the complaint or, even if not physically attached to the complaint, material that is not contended to be inauthentic and that is necessarily relied upon by the plaintiff's complaint." *See San Francisco Patrol Special Police Officers*, 13 F.App'x 670, 675 (9th Cir. 2001). This scenario is referred to as the "incorporation by reference" doctrine in the Ninth Circuit. *See e.g.*, *Van Buskirk*, 284 F.3d at 980. The circuit court has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Ward v. Pima Animal Care Ctr. Officer Hinte*, 2021 WL 4478401 at *4 (D. Ariz. Sept. 30, 2021) (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)).

Here, the documents in question are referenced heavily in the SAC and make up the basis of Plaintiff's claims. The parties also do not dispute the authenticity of the document. Plaintiff does not allege that the documents are in any way inaccurate, misleading, or forged. (Doc. 30 at 1–2). Therefore, the Court will consider the Letter and the Notice for the purpose of this Order.

### B. Disability Discrimination Claim

Count One of Plaintiff's SAC alleges a discrimination claim under the Rehabilitation Act. (Doc. 26 at ¶ 22). The Rehabilitation Act applies Title I of the American with Disabilities Act ("ADA") to federal employers. 29 U.S.C. § 791(f). Consequently, federal employers cannot discriminate against its employees based on an employee's disability. *See* 42 USC § 12112(a).

To make out a *prima facie* case of discrimination under the Rehabilitation Act, a plaintiff must allege that (1) she is disabled according to the ADA, (2) she is qualified to

perform the "essential functions" of her job, with or without reasonable accommodation, and (3) she was terminated because of her disability. *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996).

As to the first element, the ADA defines disability as an individual with "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 49 U.S.C. § 12102(1). Courts have held that "merely labeling [oneself] as 'disabled' in the Complaint is insufficient to explain what physical or mental disability [Plaintiff] has." *Longariello v. Gompers Rehabilitation Center*, 2010 WL 94113 at *3 (D. Ariz. 2010).

As to the first element, Plaintiff alleges only that she "has a disability . . . due to on the job injuries." (Doc. 26 at ¶ 5). Plaintiff does not state the nature of her disability or include any facts about how she sustained the injuries.

As to the second element, Plaintiff does not allege she was qualified to perform the "essential functions" of her job. Nor does she explain what her position was at USPS. As noted in the Letter, Plaintiff had been absent from her USPS assignment since October 2012. (Doc. 27-1). Thus, the SAC contains no allegations that Plaintiff was qualified to perform the "essential functions" of her job, either with or without reasonable accommodation. *See Ali v. PayPal, Inc.*, 2019 WL 11691431 at *7 (N.D. Cal. July 26, 2019) (dismissing a claim of disability discrimination after finding plaintiff did not "identify any of the essential functions of his position or plead any factual allegations regarding his ability to perform them.")

As to the third element, Plaintiff's assertion that her termination was due to her disability is conclusory and therefore insufficient. Plaintiff claims that Defendant "maintained and utilized . . . a systematic system to separate/terminate employees who had a disability[.]" (Doc. 26 at ¶ 14). Plaintiff does not include any facts supporting this conclusion. Instead, the only support Plaintiff alleges for this conclusion is the Letter and the Notice. Both documents indicate that Plaintiff's termination was due to her nearly ten-

year absence from her assignment and not because of her disability. (See Docs. 27-1; 27-2). Without any facts tending to show otherwise, it is not plausible to conclude that Plaintiff's termination was due to her unknown disability. *See Ting v. Adams & Assoc., Inc.*, 2018 WL 3769423 at *3 (E.D. Cal. 2018) (holding that the plaintiff's claim that the defendant used her "prior excused absences as a pretense to avoid rehiring her" was not enough to "support an inference [d]efendant acted because of any disability" without further facts alleging that she was treated differently than similarly situated individuals.)

In sum, Plaintiff has not sufficiently pled facts to state a claim for relief under the Rehabilitation Act. *Id.* The Court will therefore dismiss Count One of the SAC.

**C. Age Discrimination Claim**

Count Two of Plaintiff's SAC alleges a discrimination claim under the ADEA. (Doc. 26 at ¶ 25). To state a claim of age discrimination under the ADEA, the Plaintiff must show that "(1) she was at least 40 years old; (2) she was performing her job satisfactorily; (3) [she was] discharged; and (4) [she was] either replaced by a substantially younger employee with equal or inferior qualifications *or* discharged under circumstances otherwise giving rise to an inference of age discrimination." *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1049 (9th Cir. 2012) (internal quotations omitted).

As to the first element, Plaintiff claims that she is above forty (40) years of age and thus this element is satisfied. (Doc. 26 at ¶ 5).

As to the second element, Plaintiff does not provide the "essential functions" of her job. *See supra* at Section III.B. Similarly, Plaintiff does not address whether or not she performed her job satisfactorily. Nor does she dispute that she has been absent from her assignment since October 2012. Thus, Plaintiff has not pled sufficient facts to satisfy the second element. *See Drevaleva v. U.S. Dept. of Veterans Affs.*, 2018 WL 6305612 at *3 (N.D. Cal. Dec. 3, 2018) (dismissing a claim for age discrimination after finding plaintiff failed to "plead facts showing she was performing her job satisfactorily").

As to the third element, it is somewhat unclear if Plaintiff has been separated from her employment with USPS. Plaintiff claims that her "employment with defendant was in

fact terminated on an involuntary basis" (Doc. 26 at ¶ 12), but also claims that "Plaintiff *is* employed with [USPS]." (*Id.* at ¶ 6) (emphasis added). Despite this inconsistency, the Court will assume that Plaintiff has been terminated.

As to the fourth element, Plaintiff does not show that she was either replaced by a substantially younger employee or that she was discharged under circumstances otherwise giving rise to an inference of age discrimination. She does not allege the first option at all. As for the second option, the facts presented in the SAC, Letter, and Notice do not give rise to an inference of age discrimination. Neither the Letter nor the Notice mention Plaintiff's age at all. (Docs. 27-1; 27-2). Instead, the documents outline clear reasonings for Defendant's intent to separate and provide Plaintiff with multiple options going forward. (Doc. 27-1). Plaintiff's further claims that Defendant "knowingly and intentionally imposed on [USPS] employees over the age of 40" the types of letters that she received in order to remove them from employment. (Doc. 26 at ¶ 10). But there are insufficient facts alleged to support this conclusion, as the allegations must include more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678. Thus, Plaintiff has not pled sufficient facts for the fourth element.

In sum, Plaintiff alleges facts to plausibly establish the first and third elements of a case for age discrimination, but not the second and forth. Therefore, Plaintiff has not sufficiently pled facts to support a claim for relief based on discrimination under the ADEA. *See Drevaleva*, 2018 WL 6305612 at *3 (dismissing plaintiff's age discrimination claim where plaintiff satisfied the first and third elements for a case for age discrimination but not the second and fourth). The Court will therefore dismiss Count Two of the SAC.

**D. Constructive Discharge Claim**

Last, Count Three of Plaintiff's SAC alleges she was constructively discharged. (Doc. 26 at ¶ 28). Plaintiff does not state the statutory basis for this claim. (*See id.*) A constructive discharge claim may be brought under either state law or federal law.

A state law claim for constructive discharge under Arizona law is governed by A.R.S. § 23-1502. *Id*. Under this statute, constructive discharge is established if there is

"[e]vidence of objectively difficult or unpleasant working conditions to the extent that a reasonable employee would feel compelled to resign," or "[e]vidence of outrageous conduct by the employer, including sexual assault, threats of violence directed at the employee, a continuous pattern of discriminatory harassment by the employer . . . or other similar kinds of conduct, if the conduct would cause a reasonable employee to feel compelled to resign." *Id.* § 23-1502(A). The statute also contains preconditions regarding notice to the employer that the plaintiff must satisfy in order to bring a claim of constructive discharge. *Id.* § 23-1502(B).

However, constructive discharge under A.R.S. § 23-1502 is not in itself an actionable claim. *Ferren v. Westmed Inc.*, 2021 WL 778545 at *4 (D. Ariz. Mar. 1, 2021) (citing *Peterson v. City of Surprise*, 418 P.3d 1020, 1023 (Ariz. App. 2018)). Rather, "[to] prevail on a claim for constructive discharge, an employee must also prove a common-law or statutory claim for wrongful termination." *Id.* Therefore, to successfully plead a case of constructive discharge under Arizona state law, Plaintiff would have to state a claim for wrongful termination as well, which she has not.

A claim for constructive discharge may also be brought under relevant federal law. The Court will assume Plaintiff is claiming constructive discharge under the Rehabilitation Act, as the only other time Plaintiff mentions constructive discharge in the SAC is in conjunction with her disability. (Doc. 26 at ¶ 11) ("This [separation] . . . constituted a [constructive] discharge due to [P]laintiff's disability resulting from an on the job injury[.]) However, Plaintiff may also allege constructive discharge under the ADEA. *See Arkens v. County of Sutter*, 2016 WL 4001057 at *5 (E.D. Cal. July 25, 2016).

Constructive discharge "occurs when the working conditions deteriorate, as a result of discrimination, to the point that they become sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job to earn a livelihood and to serve his or her employer." *Poland v. Chertoff*, 494 F.3d 1174, 1184 (9th Cir. 2007) (quoting *Brooks v. City of San Mateo*, 220 F.3d 917, 930 (9th Cir. 2000)). The conduct described must be "severe and pervasive" to a higher

extent than that of a hostile work environment claim. *Brooks*, 229 F.3d at 930. Courts in this circuit have continually dismissed constructive discharge claims for failing to plead facts that demonstrate "objectively egregious working conditions." *See Bond v. Wells Fargo Bank NA*, 2023 WL 155857 at *3 (D. Ariz. Jan. 11, 2023); *Cronk v. Reckitt Benckiser Pharm., Inc.*, 2013 WL 4532036 at *3 (N.D. Cal. 2013); *Cogan v. Maricopa, Cnty. of.*, 2016 WL 627754 at *2 (D. Ariz. Feb. 17, 2016).

Here, Plaintiff only points to the Notice as evidence of constructive discharge based on her disability. (Doc. 26 at ¶ 11). This alone does not give rise to "intolerable and discriminatory working conditions" that were "severe and pervasive." *See Watson v. Nationwide Ins. Co*, 823 F.2d 360, 361 (9th Cir. 1987); *see also Brooks*, 229 F.3d at 930. Plaintiff has only described a single, isolated instance, which is insufficient to support a constructive discharge claim. *Watson*, 823 F.2d at 361.

Additionally, courts have held that, like constructive discharge under Arizona law, constructive discharge under federal law is not a standalone claim. *See Udd. v. City of Phx.*, 2020 WL 1536326 at *30 (D. Ariz. Mar. 31, 2020). Therefore, Plaintiff cannot prevail on a constructive discharge claim without successfully pleading a discrimination claim. *See id.* Because the Court has dismissed Plaintiff's discrimination claims, her constructive discharge claim cannot suffice on its own.

Finally, to establish a constructive discharge claim, a plaintiff must allege that she *resigned* due to the intolerable and discriminatory conditions. *Arkens*, 2016 WL 4001057 at *5. If the plaintiff did not resign, constructive discharge has not occurred. *Id.* Here, Plaintiff does not allege that she resigned after receiving the Notice but implies that she was terminated by Defendant. (Doc. 26 at ¶ 12). Under these facts, Plaintiff has not sufficiently alleged that she was constructively discharged.

For the above stated reasons, the Court will dismiss Count Three of the SAC.

**IV. Conclusion**

In sum, the facts alleged in Plaintiff's SAC do not sufficiently state a claim upon which relief can be granted under Counts One, Two, or Three. Plaintiff does not allege

- 11 -

any facts regarding (1) the nature of her disability, (2) the essential duties of her job, (3) whether she was performing those duties satisfactorily, or (4) whether Defendant was systematically terminating employees based on their age or disabilities.  Thus, Plaintiff's claims under the Rehabilitation Act and ADEA cannot go forward.  Likewise, Plaintiff does not allege sufficient facts regarding her work environment to sustain a constructive discharge claim.

In her Response, Plaintiff asks the Court to allow her to file an amended complaint should it find deficiencies in the SAC. (Doc. 30 at 16).  Federal Rule of Civil Procedure 15(a)(2) states that "a party may amend its pleadings only with the opposing party's written consent or the court's leave." *Id.* "The court should freely give leave when justice so requires." *Id.* Generally, courts should grant leave to amend freely and liberally if the complaint could be saved by amendment.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008).  However, courts may deny leave to amend due to "[1] undue delay, [2] bad faith or dilatory motive on the part of the movant, [3] repeated failure to cure the deficiencies by amendments previously allowed, [4] undue prejudice to the opposing party by virtue of allowance of the amendment, and [5] futility of amendment." *Id.* (internal quotations omitted).

Defendant opposes Plaintiff's request for leave to amend, arguing Plaintiff has been "on notice of the deficiencies in her pleadings since . . . Defendant filed his first Motion to Dismiss" and "Plaintiff does not indicate what additional facts she intends to plead." (Doc. 33 at 11).  However, these issues do not embody any of the five circumstances under *Manzarek* in which a court should deny leave to amend.  While Plaintiff has been on notice of deficiencies in the complaint from Defendant's previous Motions to Dismiss, the Court has yet to rule definitively on these deficiencies.  Rather, the previous two amendments were granted under agreements between the parties. (Docs. 16; 25).

Furthermore, Plaintiff need not indicate what facts she plans to add in a third amended complaint.  When a plaintiff's complaint fails due to insufficient factual allegations and not a lack of a cognizable legal theory, the court should grant leave to

amend. *See Parents for Privacy v. Barr*, 949 F.3d 1210, 1239 (9th Cir. 2020) (affirming the district court's ruling to deny leave to amend because the issue with plaintiff's complaint was that the legal theories failed and not "the sufficiency of their factual allegations.") Therefore, the Court will grant Plaintiff's request to file an amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Second Amended Complaint (Doc. 27) is **GRANTED**. The Second Amended Complaint (Doc. 26) is **DISMISSED without prejudice**.

**IT IS FINALLY ORDERED** that Plaintiff's request for leave to file an amended complaint is **GRANTED**. Plaintiff shall file a Third Amended Complaint within **fourteen (14) days** of the date this Order is entered. If Plaintiff fails to timely do so, the Clerk of Court shall dismiss this action without further order of this Court.

Dated this 11th day of May, 2023.

Honorable Diane J. Humetewa
United States District Judge