WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lucille A Federico,   Plaintiff,  v.  Louis DeJoy,   Defendant. | No. CV-22-00706-PHX-DJH  **ORDER** |

Defendant Louis DeJoy ("Defendant") has filed a Third Motion to Dismiss (Doc. 38) under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) with respect to Plaintiff Lucille A. Federico's ("Plaintiff") Third Amended Complaint ("TAC") (Doc. 35).[1] The Court must determine whether Plaintiff has pled sufficient facts to state a claim for employment discrimination. Additionally, the Court must decide whether it has jurisdiction over Plaintiff's claim that Defendant failed to accommodate her disability. For the following reasons, the Court will grant Defendant's Third Motion to Dismiss and dismiss this action with prejudice.

**I.    Background**

Plaintiff is an Arizona resident over the age of forty (40) and former employee of the United States Postal Service ("USPS"). (Doc. 35 at ¶¶ 5, 6). Defendant is the Postmaster General of USPS. (*Id*. at ¶¶ 4–5, 20–28). Plaintiff alleges Defendant discriminated against her based on her age and disability.

---

[1] The matter is fully briefed. Plaintiff filed a Response (Doc. 49) and supplemental exhibits thereto (Docs. 51-1; 51-2; 51-3; 51-4; 51-5). Defendant filed a Reply (Doc. 55).

### A.     Plaintiff's Employment at USPS

Plaintiff has been on "leave without pay" from USPS since October of 2012. (Doc. 38-1 at 2). Neither party indicates when Plaintiff began her employment with USPS. Plaintiff alleges that her "workplace injuries that resulted in her physical disability were accepted by the U.S. Department of Labor – Injury Compensation," and that she was on worker's compensation from October 2012 to January 2020. (Docs. 35 at ¶ 8; 51-3 at 9).

#### 1.     Plaintiff's Proposed Modified Job Assignment

In light of Plaintiff's injuries, USPS sent Plaintiff an "Offer of Modified Assignment" (Doc. 38-3) (the "Modified Job Offer")[2] on October 3, 2019, proposing Plaintiff could work as a mail processing clerk at a "waste mail area/tour office." (*Id*. at 7–8). USPS explained that the Modified Job Offer was predicated upon a "second opinion exam" performed on Plaintiff on August 12, 2019. (*Id.* at 6). USPS indicated that the duties of Plaintiff's proposed modified assignment would be to "[a]nswer phones" and "check and dispose of waste mail." (*Id.*) USPS further stated that the physical requirements of the job did not include any "wrist repetitive movements" or "above shoulder reach." (*Id.*)

Plaintiff alleges her doctors reviewed the Modified Job Offer and found it unsuitable because it was "outside of her physical limitations." (Doc. 35 at ¶ 11). Plaintiff specifically alleges that the "essential functions" of a job she could perform include "tasks within her range of motion and not requiring repetitive wrist or shoulder motion." (*Id.* at 12).

#### 2.     The USPS' Efforts to Separate Plaintiff from Employment

On April 28, 2021, USPS sent Plaintiff a "Retirement Counseling Letter/Intent to Separate – Disability" (Doc. 38-1) (the "Separation Letter").[3]  (Doc. 35 at ¶¶ 9–10).

---

[2] This document is referred to in the TAC at ¶ 11 and is attached to Defendant's Motion to Dismiss. Accordingly, the Court will consider it for the purposes of this Order under the "incorporation by reference doctrine." *See Davis v. HSBC Bank Nevada, N.A*., 691 F.3d 1152, 1159 (9th Cir. 2012).

[3] This document is referred to in the TAC at ¶ 9 and is attached to Defendant's Motion to Dismiss. Accordingly, the Court will consider it for the purposes of this Order under the "incorporation by reference doctrine." *See Davis v. HSBC Bank Nevada, N.A*., 691 F.3d 1152, 1159 (9th Cir. 2012).

Therein, USPS recounted a brief history of its interactions with Plaintiff:

- On October 3, 2019, USPS issued Plaintiff the Modified Job Offer;

- On October 7, 2019, Plaintiff refused the Modified Job Offer;

- On November 6, 2019, the United States Department of Labor ("DOL") sent Plaintiff a letter explaining that her Modified Job Offer was "a permanent job offer" that was determined to be suitable;

- On January 21, 2020, USPS sent Plaintiff a letter explaining that because she had failed to report for duty, her "compensation was discontinued by DOL;" and

- On September 29, 2020, USPS sent Plaintiff a letter directing her to "provide documentation in support of [Plaintiff's] continued absence."

(Doc. 38-1 at 2). The Separation Letter concluded with USPS allowing Plaintiff "21 calendar days . . . to provide acceptable documentation" indicating whether she would be able to return to work within 90 days. (Docs. 35 at ¶ 9; 38-1 at 2).

On June 30, 2021, USPS sent Plaintiff a "Notice of Separation – Disability" (Doc. 38-2) (the "Separation Notice").[4] Therein, USPS gave Plaintiff notice that it "proposed to separate" Plaintiff from her employment effective August 6, 2021. (Docs. 35 at ¶¶ 12; 38-2 at 2).

On October 7, 2021, Plaintiff filed an Equal Employment Opportunity Affidavit (Doc. 51-1) (the "Affidavit") with USPS.[5] In the Affidavit, Plaintiff provided details of her medical conditions including "carpel tunnel syndrome" and "shoulder impingement." (Docs. 35 at ¶ 15; 51-1 at 3). Plaintiff only provided one reference in the Affidavit about what her job at USPS was—that is, a "Mail Processing Clerk." (Doc. 51-1 at 1). Plaintiff

---

[4] This document is referred to in the TAC at ¶ 12 and is attached to Defendant's Motion to Dismiss. Accordingly, the Court will consider it for the purposes of this Order under the "incorporation by reference doctrine." *See Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012).

[5] This document is referred to in the TAC at ¶ 15 (misnumbered) and is attached to Plaintiff's Response. Accordingly, the Court will consider it for the purposes of this Order under the "incorporation by reference doctrine." *See Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012).

- 3 -

provided the Court with the Affidavit as part of the supplemental exhibits to her Response to Defendant's Third Motion to Dismiss (*See* Docs. 51-1; 51-2; 51-3; 51-4; 51-5) but did not attach the Affidavit to her TAC. These supplemental exhibits also include doctors' notes concerning her medical conditions. (*Id.*)

### B. Procedural History

Plaintiff has filed multiple deficient complaints with this Court alleging employment discrimination claims against Defendant.[6] In its May 11, 2023 Order (Doc. 34) (the "May Order"), the Court granted Defendant's Second Motion to Dismiss (Doc. 27) as to Plaintiff's Second Amended Complaint (Doc. 26) and granted Plaintiff leave to amend. (*See generally* Doc. 34). Accordingly, Plaintiff filed her TAC, re-alleging the following claims: Count One for disability discrimination claim under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701–794 (Doc. 35 at ¶¶ 11–13, 20–22); Count Two for age discrimination claim under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634 ("ADEA") (*id.* at ¶¶ 10, 23–25); and Count Three for constructive discharge (*id.* at ¶¶ 15, 26–28). Defendant again seeks to dismiss all of Plaintiff's claims.

## II. Legal Standards

Defendant's Third Motion to Dismiss is predicated on Rules 12(b)(6) and 12(b)(1).[7]

### A. Rule 12(b)(6): Failure to State a Claim

Rule 12(b)(6) provides a complaint may be dismissed "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also* Fed. R. Civ. P. 12(b)(6). However, the Court should "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). This

---

[6] The May Order provides extensive background on Plaintiff's previous complaints that the Court will not repeat here. (Doc. 34 at 2–4).

[7] Unless where otherwise noted, all Rule references are to the Federal Rules of Civil Procedure.

- 4 -

acceptance is not an unbounded ceiling; to survive a motion to dismiss, the non-moving party still must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). Plausibility means "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Additionally, the complaint must contain more than "labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Employment discrimination claims like the ones contended in Plaintiff's TAC fall under these same standards. *See Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 511 (2017) (stating "the ordinary rules for assessing the sufficiency of a complaint apply.").

### B.  Rule 12(b)(1): Lack of Jurisdiction

Rule 12(b)(1) provides a complaint may be dismissed when the movant shows the court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) jurisdictional attacks may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* By contrast, in a factual attack, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* In facial attacks, the non-moving party's allegations are taken as true and "all inferences are to be drawn in [its] favor." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Courts within the Ninth Circuit have construed a moving party's statutory analysis in a subject-matter jurisdiction argument as a facial attack. *See Ctr. for Biological Diversity v. Zinke,* 399 F. Supp. 3d 940, 945 (D. Ariz. 2019) (using a facial attack framework to determine subject-matter jurisdiction and judicial reviewability under the Endangered Species Act and the Administrative Procedure Act); *see also Wolfe*, F.3d 358 at 362 (using a facial attack framework to determine subject matter jurisdiction under various state and federal statutes).

**III.   Discussion**

Defendant moves to dismiss Plaintiff's TAC in its entirety.  Defendant argues that Plaintiff has not pled facts sufficient to support her claims for discrimination and constructive discharge under Rule 12(b)(6).  (Doc. 38 at 7–8).  Defendant also argues the Court lacks subject-matter jurisdiction over Plaintiff's disability discrimination claim under Rule 12(b)(1) to the extent Plaintiff seeks to rely on a failure to accommodate theory.  (*Id*. at 6–7).  Defendant further contends that Plaintiff relies on facts from supplemental exhibits that are beyond the TAC, which "cannot serve as a basis for denying Defendant's Motion."  (Doc. 55 at 5)

Plaintiff argues that "a complaint need not contain[] detailed factual allegations" to survive a motion to dismiss.  (Doc. 49 at 1) (underline in original).  Plaintiff contends her disability discrimination claim can survive if USPS has "an obligation to engage in a good faith interactive process" to find a modified job assignment for her.  (*Id*. at 3).  Plaintiff alleges that the USPS modified job offer was not within her physical limitations based on her doctors' reports.  (Docs. 35 at 11-16; 49 at 2–3).  Plaintiff ends her Response with a request for leave to amend her complaint should the Court dismiss the TAC.  (Doc. 49 at 5).

As a threshold matter, the Court will first decide whether Plaintiff's supplemental exhibits can be considered in its review of Defendant's Motion.  Finding the exhibits are proper, the Court will then consider the sufficiency of Plaintiff's claims.  The Court will start with Plaintiff's age discrimination and disability discrimination claims before turning to her constructive discharge claim.  The Court will analyze Plaintiff's request for leave to amend her complaint at the end of each claim.

**A.   Documents Outside of the Four Corners of the Complaint**

To begin, the Court must determine whether it can properly consider the supplemental exhibits attached to Plaintiff's Response.  Defendant objects that the Court cannot because these documents were not attached to Plaintiff's TAC.  (Doc. 55 at 5).  Plaintiff does not address Defendant's objection, but her claims rely on material beyond the four corners of the TAC.  (Docs. 35 at 11–16; 49 at 2–3).

A court's review of a motion to dismiss under Rule 12(b)(6) is typically "limited to review" of only the complaint itself. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). However, an exception known as "incorporation by reference" permits a court to review sources outside of the complaint. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (stating courts must consider "the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, *in particular, documents incorporated into the complaint by reference . . . .*") (emphasis in original). The Ninth Circuit has clarified that for "a district court's decision to incorporate by reference documents outside pleadings," the district court "may, but is not required to incorporate documents by reference." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). A court may incorporate such documents when the "contents are alleged in a complaint and whose authenticity no party questions." *Id.* at 1160.

As to the first step, Plaintiff's TAC claims necessarily rely on the content of the supplemental exhibits. For example, the TAC states that Plaintiff has "a significant history and record of medical treatment due to the on-the-job injuries to plaintiff's wrists and shoulders." (Doc. 35 at ¶ 7). These allegations come directly from her doctor's detailed medical history in the supplemental exhibits. (Doc. 51-4 at 3–20). The TAC also alleges that Plaintiff "submitted claims and treatment" to USPS while referencing the Affidavit case number. (Doc. 35 at ¶ 15). Plaintiff attached this Affidavit as one of the supplemental exhibits to her Reply. (Doc. 51-1). As to the second step, neither party questions the authenticity of the supplemental exhibits. Defendant does not allege that the documents are inaccurate, misleading, or forged. (*See* Doc. 55 at 4–5). Thus, the Court will consider Plaintiff's supplemental exhibits in its reasoning.

Having clarified the propriety of reviewing the supplemental exhibits, the Court will now examine the sufficiency of Plaintiff's TAC.

**B.    Age Discrimination Claim**

Defendant seeks to dismiss Count Two of Plaintiff's TAC for age discrimination under Rule 12(b)(6). (Doc. 35 at ¶¶ 10, 13, 23–25). As discussed in the May Order, to

- 7 -

state a *prima facie* case for age discrimination under the ADEA, a plaintiff must show that: "(1) she was at least 40 years old; (2) she was performing her job satisfactorily; (3) [she was] discharged; and (4) [she was] either replaced by a substantially younger employee with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination." (Doc. 34 at 8 (quoting *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1049 (9th Cir. 2012) (internal quotations omitted)).

Defendant argues that Plaintiff's age discrimination claim did not cure the deficiencies identified in the May Order and should be dismissed. (Doc. 38 at 8). Defendant also argues that Plaintiff has not alleged any facts that she was discriminated against "*because of* her age." (Doc. 55 at 4) (emphasis in original). Plaintiff alleges that the Separation Letter was intended to compel employees over the age of 40 to "accept the diminished benefits available through retirement for fear of losing such benefits due to termination." (Doc. 35 at ¶ 10). Plaintiff also alleges that USPS singled out employees, such as Plaintiff, based on the "federally protected characteristic[] of age." (*Id.*)

### 1. Plaintiff Fails to State a Claim for Relief

The Court agrees with Defendant that Plaintiff's TAC fails to cure the pleading deficiencies identified in the May Order as to age discrimination. Plaintiff's TAC needed to allege sufficient facts to establish *prima facie* elements two and four. (Doc. 34 at 8–9). It does not. Under element two, Plaintiff has not shown in the TAC she was performing her job satisfactorily. In fact, the documents referred to in the TAC show Plaintiff has not shown up to work since October of 2012, making it difficult to believe she was performing her job at all, much less satisfactorily. (*See* Doc. 38-1 at 1). Plaintiff does not appear to dispute her absence from work. (*See* Doc. 35). As stated in the May Order, Plaintiff's failure to "plead facts she was performing her job satisfactorily" is sufficient to dismiss her claim. (Doc. 34 at 8 (quoting *Drevaleva v. U.S. Dept. of Veterans Affs.*, 2018 WL 6305612 at *3 (N.D. Cal. Dec. 3, 2018)).

Under element four, Plaintiff neither alleges that she was replaced by a substantially younger employee with equal or inferior qualifications nor sufficiently claims that she was

discharged under circumstances otherwise giving rise to an inference of age discrimination. Plaintiff simply re-alleges in her TAC that USPS "knowingly and intentionally" engaged in a course of conduct designed to force employees over the age of 40 into termination while not treating employees under the age of 40 to the same course of conduct. (Doc. 35 at ¶ 13). Yet Plaintiff introduces no specific facts to allege how USPS engaged in said course of conduct. (*See* Doc. 35). Although Plaintiff alleges that USPS compelled her to either accept the modified job offer or retire and lose her benefits, Plaintiff does not point to any specific facts to demonstrate that USPS compelled her termination because of her age. (*Id.*) In sum, Plaintiff's age discrimination claim will be dismissed because Plaintiff has not sufficiently amended it in compliance with the May Order's directives.

### 2. Any Amendment Would be Futile

Plaintiff has requested leave to amend her complaint. (Doc. 49 at 5–6). Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff to amend her complaint by leave of the court at any time, and such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). However, courts can exercise discretion to deny a motion for leave to amend if the amendment: (1) would cause the opposing party undue prejudice; (2) is sought in bad faith; (3) constitutes an exercise in futility; or (4) creates undue delay. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). For example, leave to amend should be denied as futile when a plaintiff could not amend a complaint "to state a viable claim without contradicting the complaint's original allegations." *B&G Foods N. Am., Inc. v. Embry*, 638 F. Supp. 3d 1122, 1134 (E.D. Cal. 2022).

Plaintiff cannot now allege in an amended complaint that she was performing her job satisfactorily by stating that she was, in fact, present at work. Such an allegation would be a contradiction of her TAC. Any other statement Plaintiff could make concerning "performing her job satisfactorily" would have to contradict her uncontested absence from work, so her leave to amend should be denied. Alternatively, leave to amend should be

denied as Plaintiff has had four chances to cure any deficiencies in her complaint and has not done so. *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1004 (9th Cir. 2010) (stating that leave to amend should be denied "if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies."). And the May Order gave Plaintiff specific instances of deficiencies that remain uncured. Plaintiff should not be given leave to amend due to her "repeated failure to cure deficiencies by amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court, therefore, will not give the Plaintiff another chance. Under either reason chain of reasoning, the Court will dismiss Plaintiff's age discrimination claim with prejudice.

### C. Disability Discrimination Claim

Next, Defendant seeks to dismiss Count One of Plaintiff's TAC for disability discrimination for three reasons: (1) Plaintiff has not pled sufficient facts to establish a discrimination claim under the Rehabilitation Act; (2) the Court does not have 12(b)(1) subject matter jurisdiction over Plaintiff's failure to accommodate claim under the Federal Employees' Compensation Act, 5 U.S.C. §§ 8101– 8193, ("FECA"); and (3) Plaintiff has not pled sufficient facts to establish a failure to accommodate claim under the Rehabilitation Act. The Court will address each of Defendant's arguments in turn.

#### 1. Discrimination Claims Under the Rehabilitation Act

Defendant argues that Plaintiff's Count One fails to allege sufficient facts to support a disability discrimination claim under the Rehabilitation Act. (*See* Doc. 35 at ¶¶ 11–13, 20–22). Standards for violation of the Rehabilitation Act are the same standards set forth in the Americans with Disability Act of 1990, 29 U.S.C. § 791(f), ("ADA"). *See Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) ("There is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act."). The ADA prohibits an employer from discriminating "against a qualified individual on the basis of disability . . . ." 42 U.S.C. § 12112(a).

To establish a *prima facie* case for physical disability under the ADA, and in turn the Rehabilitation Act, a plaintiff must show that "(1) she is disabled, (2) she is qualified

to perform the essential functions of her position, and (3) she suffered an adverse employment action because of her disability." *Ogden v. Pub. Util. Dist. No 2 of Grant Cnty.*, 722 F. App'x 707, 708 (9th Cir. 2018). Defendant contends Plaintiff fails to meet all three elements. (Doc. 38 at 9–12). The Court finds she has shown elements one and three, but has not shown element two.

### a. Plaintiff shows the first element of her physical disability claim under the ADA

As to the first element, Defendant argues Plaintiff has not shown that she "suffers from a disability within the meaning of the Rehabilitation Act." (Doc. 35 at ¶ 10). The ADA defines an individual with a disability as someone with "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). The ADA further defines major life activities to "include, but are not limited to" lifting, walking, or bending among other enumerated activities. *Id.* § 12102(2)(A).

Plaintiff's doctor contends that she is not able to spend any hours lifting or walking, which are major life activities. (Docs. 51-1 at 16; 51-4 at 4). Plaintiff's doctor further provides a record of Plaintiff's decades-long history concerning her wrist impairment beginning around 1998. (Doc. 51-4 at 8–9). Thus, Plaintiff qualifies as an individual with a disability according to the ADA.

### b. Plaintiff shows the third element of her physical disability claim under the ADA

As to the third element, Plaintiff characterizes the USPS Separation Letter as an adverse action that either involuntarily separated or terminated Plaintiff from her employment. (Doc. 35 at ¶¶ 9, 11, 15). The ADA "prohibits adverse employment decisions motivated—even in part—by animus toward a plaintiff's disability." *Harris v. Treasure Canyon Calcium Co.*, 132 F. Supp. 3d 1228, 1236–37 (D. Idaho 2015) (citing

- 11 -

*Head v. Glacier Nw. Inc.*, 413 F.3d 1053, 1065 (9th Cir. 2005)). Involuntary separation or termination of an employee constitutes an adverse action in ADA discrimination claims. *See Capili v. Finish Line, Inc.*, 2018 WL 2047614, at *5 (N.D. Cal. May 2, 2018) (recognizing involuntary separation as an adverse action); *see also Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996) (recognizing termination as an adverse action).

Defendant argues Plaintiff's allegations that she suffered an adverse employment action due to her disability are "sweeping" and "conclusory." (Doc. 38 at 11–12). However, the Court disagrees. When accepting Plaintiff's allegations as true, the Court finds it is enough that Plaintiff cites to the Separation Letter to establish she suffered an "involuntary adverse action." (Doc. 35 at ¶ 9). Additionally, Plaintiff points out that the Separation Notice and Affidavit expressly referenced her disability. (See Docs. 35 at ¶¶ 7–12; 38-1; 38-2). Together, these three documents give rise to at least a plausible inference that she suffered an adverse action due to her disability. The Court therefore finds that Plaintiff has met element three.

### c. Plaintiff does not meet the second element of her physical disability claim under the ADA.

As to the second element, Defendant argues Plaintiff has not shown she is "qualified to perform the essential functions of her job with or without an accommodation." (Doc. 35 at 10). The Court agrees. Plaintiff herself concedes she cannot perform the essential functions of any position either with or without accommodation:

> If Plaintiff Federico is held to traditional [sic] ADA analysis which compels she establish that she was a qualified person with a disability who with reasonable accommodation could perform the essential functions of a Clerk, this she is not able to do. If the analysis is limited to the modified position offered, it is her belief that this too is a position/assigment [sic] in which she cannot perform the essential functions of the position with accommodation.

(Doc. 49 at 3). The Court will hold Plaintiff to her word. In any event, Plaintiff has not shown up to work for at least eight years. (*See* Doc. 38-1 at 1). And a plaintiff "who does not come to work cannot perform any of [her] job functions, essential or otherwise."

- 12 -

*Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1239 (9th Cir. 2012); *see also e.g., Monk v. Dejoy,* 2023 WL 2870363, at *6 (N.D. Cal. Apr. 10, 2023) (finding the plaintiff's refusal to show up to work "[i]n and of itself" results in the dismissal of the plaintiff's disability discrimination claims.). Indeed, USPS justified the Separation Notice on Plaintiff's displayed "inability to perform [her] duties for over 8 years." (Doc. 27-1 at 2).

In sum, although Plaintiff has shown she is disabled under the ADA and has suffered an adverse employment action, she has not demonstrated that she is qualified to perform the essential functions of her job with or without an accommodation. Plaintiff has therefore failed to establish a *prima facie* case for disability discrimination under the Rehabilitation Act.

### d. Any Amendment Would be Futile

Furthermore, Plaintiff cannot amend her claim to establish she is qualified to perform the essential functions of her job without directly contradicting her concession that she is not. Therefore, any leave to amend her disability discrimination claim would be futile. *See B&G Foods*, 638 F. Supp. 3d at 1134. Alternatively, Plaintiff has already had three opportunities to amend her claim. The May Order showed Plaintiff specific instances of deficiencies that remain uncured. *See Telesaurus VPC*, F.3d 998, 1004; *see also supra* III(B). The Court will not give Plaintiff an additional opportunity to amend her complaint after already allowing three opportunities. Plaintiff's disability discrimination claim will be dismissed with prejudice.

### 2. Failure to Accommodate Claims under the Rehabilitation Act

The Court will now address Plaintiff's failure to accommodate claim. Defendant alleges this Court either lacks subject-matter jurisdiction under Rule 12(b)(1) or, alternatively, that Plaintiff has not met her burden to state the relevant elements under Rule 12(b)(6). (Doc. 38 at 12–14).

### a. The Court has Jurisdiction to Hear Plaintiff's Claim

The Court begins with Defendant's jurisdictional challenge.

*Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004) (asserting that a court "has a continuing obligation to assess its own subject-matter jurisdiction."). Defendant argues that decisions regarding suitability of job offers are "exclusively committed to the Secretary of Labor under FECA" and are "not subject to judicial review." (Doc. 38 at 13–15). Defendant relies on Section 8128(b) of FECA for support, which states that "[t]he action of the Secretary . . . allowing or denying a payment under this subchapter is (1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a court by mandamus or otherwise." 5 U.S.C. § 8128(b). Plaintiff takes no position on the matter, other than conceding that "the modified job offer at issue" is "subject to the precedent cited by the Postal Service." (Doc. 49 at 3–4)

Defendant's argument is novel to the Ninth Circuit.[8] So, the Court looks to out-of-circuit authority for guidance. The Western District for the District Court of Texas dealt with the same jurisdictional challenge under FECA in *Montana v. Donahoe*, 2011 WL 3862213 (W.D. Tex. Sept. 1, 2011). The facts in *Montana* are substantially similar to the facts in this case. The *Montana* plaintiff was a USPS worker who suffered injuries on-the-job and was unable to lift more than 10 (ten) pounds. *Id.* at *1. Like Plaintiff, USPS provided the *Montana* plaintiff with modified job offers that were approved by the DOL as a suitable accommodation. The *Montana* plaintiff declined the modified offers without proposing a reasonable alternative. *Id.* at *2–3. When the *Montana* plaintiff alleged USPS did not provide her with a suitable job offer based on her disability, USPS argued that the court lacked authority to review job offers approved by the DOL. *Id.*

The *Montana* court ultimately held that "[a] FECA claimant may appeal . . . the suitability of an alternate position." *Id.* at *8. In so doing, the court cited to *Benton v. United States*, 960 F.2d 19 (5th Cir. 1992) for the proposition that the text of Section 8128 is plain and unambiguous and "prohibits review of decisions made by the Secretary of Labor or a designee concerning payment, *nothing more*." *Montana* at *5 (citing *Benton*,

---

[8] The Court has researched, though not exhaustively, and cannot find any case law in the Ninth Circuit on this particular issue.

- 14 -

960 F.2d, at 22) (emphasis added). The *Montana* court further explored FECA's statutory language and reasoned that "[b]ecause [p]laintiff [was] not challenging a decision by the Secretary about compensation she was paid under FECA, § 8128 does not deprive this Court of jurisdiction to consider Plaintiff's Claim for reasonable accommodation under the Rehabilitation Act." *Id*. Thus, the *Montana* court held that a failure to accommodate claim under the Rehabilitation Act is subject to judicial review.

This Court is persuaded by the holdings in *Montana* and *Benton* because both comply with the general principle that courts should begin—and end—with statutory language if the text provides a clear answer to its inquiry. *See BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004) (stating that the court's "inquiry begins with the statutory text, and ends there as well if the text is unambiguous."). Indeed, FECA's statutory prohibition against judicial review is narrowly tailored to the Secretary of Labor's decisions to "allowing or denying a payment" of *compensation*. *See* 5 U.S.C. § 8128(b); *Benton*, 960 F.2d at 22 (5th Cir.1992) (per curiam) ("§ 8128(b) prohibits review only of compensation decisions wholly within the discretion of the Secretary of Labor"). The term "compensation" in this context is unambiguous, and the DOL does not have *carte blanche* for all its decisions to be safe from judicial review. Therefore, the Court has jurisdiction to review the suitability of Plaintiff's job offer notwithstanding the DOL's letter finding Plaintiff's Modified Job Offer was a reasonable accommodation.

      **b.**   **Plaintiff Fails to State a Failure to Accommodate Claim Under the Rehabilitation Act**

Having clarified that the Court has subject-matter jurisdiction to hear Plaintiff's failure to accommodate claim, the Court will address Defendant's argument whether Plaintiff has alleged sufficient facts to state a claim for relief under Rule 12(b)(6). The Rehabilitation Act requires public entities to make "reasonable accommodations to the known physical . . . limitations of an otherwise *qualified* individual with a disability . . . ." 42 U.S.C. § 12112(5)(A) (emphasis added). In the Ninth Circuit, "a failure-to-accommodate claim 'is analytically distinct from a claim of disparate treatment or impact

under the ADA.'" *Dunlap v. Liberty Nat. Prod., Inc.*, 878 F.3d 794, 798 (9th Cir. 2017) (quoting *Johnson v. Bd. of Trustees of Boundary Cty. Sch. Dist.*, 666 F.3d 561, 567 (9th Cir. 2011)).

To state a failure to accommodate claim, a plaintiff must show that: (1) she is disabled; (2) she is a qualified individual who can perform the essential functions of her job with or without reasonable accommodation; and (3) a reasonable accommodation is possible. *See Monk*, 2023 WL 2870363, at *6; *see also Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir. 1999). When an employee notifies her employer of a need for an accommodation after first proving she is a "qualified individual," this triggers the employer's "duty to engage in an 'interactive process' through which the employer and employee can come to understand the employee's abilities and limitations, the employer's needs for various positions, and a possible middle ground for accommodating the employee." *Snapp v. United Transportation Union*, 889 F.3d 1088, 1095 (9th Cir. 2018). This interactive process is "at the heart of the accommodation process." *Id*. Discrimination results from "denying an available and reasonable accommodation." *Id*.

The first two elements for failure to accommodate claims are identical to the first two elements for disability discrimination claims. *See supra* Sections III(C)(1)(a); III(C)(1)(b). The Court has already settled that Plaintiff has shown she has a disability under element one yet has not shown she is a qualified individual under element two. *Id*. Therefore, Plaintiff's failure to accommodate claim fails for the same reasons stated above. *Id*. Even more, Plaintiff fails to meet element three. Plaintiff argues in her Response that it is Defendant's obligation to engage in a "good faith interactive process" to identify a reasonable accommodation. (Doc. 49 at 3). Not so. To state a failure to accommodate claim, element three requires that *a plaintiff* "must show" that a "reasonable accommodation is possible." *Monk*, 2023 WL 2870363, at *6.

In light of these glaring deficiencies, the Court need not reach Plaintiff's allegations regarding Defendant's interactive process to conclude that Plaintiff has failed to establish

a *prima facie* case for failure to accommodate under the Rehabilitation Act.[9]

### c. Any Amendment Would be Futile

Similarly stated above, Plaintiff cannot amend her complaint by suddenly alleging she is a qualified individual without directly contradicting her concession that she is not. *See supra* Sections III(C)(1)(c) and III(B). As such, any amendment would be futile. *See B&G Foods*, 638 F. Supp. 3d at 1134. Neither should she be allowed a fourth attempt to amend her complaint. *Id*. Thus, under either chain of reasoning, Plaintiff's failure to accommodate claim is dismissed with prejudice.

### D. Constructive Discharge Claim

Having dismissed Plaintiff's age discrimination and disability discrimination claims with prejudice, the Court will turn to Plaintiff's constructive discharge claim. As stated in the May Order, "courts have held that, like constructive discharge under Arizona law, constructive discharge under federal law is not a standalone claim" and so "Plaintiff cannot prevail on a constructive discharge claim without successfully pleading a discrimination claim. (Doc. 34 at 11 (citing *See Udd. v. City of Phx.*, 2020 WL 1536326 at *30 (D. Ariz. Mar. 31, 2020)). Because the Court has dismissed Plaintiff's age and disability discrimination claims, her constructive discharge claim cannot survive on its own. (*See id.*). Accordingly, Plaintiff's constructive discharge must also be dismissed with prejudice.

### IV. Conclusion

Even when accepting Plaintiff's allegations as true, Plaintiff has not stated any employment discrimination claim for which relief can be granted. Plaintiff's Count One for disability discrimination must be dismissed with prejudice because Plaintiff failed to establish she is qualified to perform the essential functions of any position either with or without accommodation—nor can she without contradicting her express concession she is

---

[9] In any event, Plaintiff has not set forth any other allegations showing how Defendant failed to engage in a good faith interactive process. The record shows Defendant frequently responded to Plaintiff in a timely fashion and consistently communicated with Plaintiff about any decisions or alternative employment options for Plaintiff to pursue. (See Docs. 51-3 at 1–5, 16, 18, 21–29; 51-4 at 1, 21; 51-5 at 7–8, 16–17).

not able to. Plaintiff's Count Two for age discrimination must be dismissed with prejudice because Plaintiff failed to establish she was performing her job satisfactorily—nor can she without contradicting the fact she was absent from her job for 8 years. Last, Plaintiff's Count Three for constructive discharge must be dismissed with prejudice because it cannot standalone absent a viable discrimination claim.

Accordingly,

**IT IS ORDERED** that Defendant Louis DeJoy's Third Motion to Dismiss (Doc. 38) is **GRANTED**. For the reasons stated herein, Plaintiff Lucille Federico's Counts are dismissed **with prejudice**,

**IT IS FURTHER ORDERED** that, in light of Counsel for Plaintiff's representation that he is suspended from practice until April 15, 2024, Plaintiff's Motion for Stay (Doc. 56) is **GRANTED**. This matter shall be **stayed** until April 15, 2024.

**IT IS FINALLY ORDERED** that the Clerk of Court is kindly directed to enter judgment in accordance with the terms of this Order on April 16, 2024, and close this matter.

Dated this 18th day of March, 2024.

Honorable Diane J. Humetewa
United States District Judge